**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DENZIL ADRIAN LAWRENCE,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **Case No. 19 C 1497** |
| ) | |
| **KWAME RAOUL, Attorney General,**[1] ) | |
| ) | |
| **Respondent.** ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

MATTHEW F. KENNELLY, District Judge:

Denzil Adrian Lawrence has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons stated below, the Court denies the petition.

### Background

In May 2017, following a stipulated bench trial, the Circuit Court of Will County found Lawrence not guilty by reason of insanity (NGRI) on charges of arson and criminal damage to property. The court subsequently held a hearing to determine Lawrence's treatment plan and committed him to inpatient care in the custody of the Illinois Department of Human Services (IDHS).

Haywood has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. In June 2019, after the parties had submitted their briefs but while his petition was still pending, he was released from the custody of IDHS.

---

[1] Because Lawrence has been released from custody, the Court will substitute Kwame Raoul, Attorney General of Illinois, as Respondent in accordance with Rule 2(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

### Discussion

"Federal courts have jurisdiction over a habeas petition only if the petitioner is "in custody pursuant to the judgment of a State court." *Stanbridge v. Scott*, 791 F.3d 715, 718 (7th Cir. 2015). In particular, "the petitioner must be 'in custody *under the conviction or sentence under attack* at the time his petition is filed.'" *Id.* (quoting *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)); *see also* 28 U.S.C. § 2254(a) (federal court can "entertain" a habeas petition only if the petitioner is "in custody pursuant to the judgment of a State court"); *Maleng*, 490 U.S. at 490, 494 (custody requirement is jurisdictional).

A petitioner is "in custody" pursuant to a particular conviction where he is in custody as "a *direct* consequence of the challenged conviction," not as a collateral consequence of it. *Stanbridge*, 791 F.3d at 719. Generally, a "consequence is direct if it is imposed by the sentencing court as part of the authorized punishment, and included in the court's judgment." *Id.* (citation omitted). By contrast, a consequence is collateral if the court did not include it in the judgment, even if it "is imposed on a person automatically upon conviction or serves as a necessary predicate for a subsequent determination by a court or administrative agency on grounds related to the conviction." *Id.* (internal quotation marks and citation omitted).

In *Stanbridge*, the petitioner had been convicted of aggravated criminal sexual abuse and later, following a separate trial, civilly committed under the Illinois Sexually Violent Persons Commitment Act, 725 Ill. Comp. Stat. Ann. 207/40. *Stanbridge*, 791 F.3d at 717. In his habeas corpus petition, he challenged only the criminal conviction. *Id.* The Seventh Circuit found that he was not in custody as "a direct consequence of his criminal conviction" because his civil commitment "was not part of the judgment in

2

the criminal case." *Id.* at 721.  The court thus concluded that the district court lacked

subject matter jurisdiction over his petition.  *Id.* at 722.  It indicated that if the petition

"were construed as an attack on [the petitioner's] civil custody," the district court would

have jurisdiction, but it did not construe the petition as such.  *Id.* at 721.

A petitioner like Lawrence who has filed his habeas corpus petition while

committed to the custody of the state for mental health treatment as a result of a judicial

order is certainly "in custody" for the purposes of section 2254.[2]  *See Flowers v. Leean*,

215 F.3d 1331 (7th Cir. 2000) (table; text at 2000 WL 554518, at *1).  His commitment,

however, was not a direct consequence of the orders he has challenged in his habeas

corpus petition—denial of a bond reduction and the NGRI verdict.  The state court did

not impose Lawrence's commitment as punishment for its findings that he was not

entitled to bond or that he was NGRI, and it did not include the commitment in its order

denying bond or in its NGRI verdict.  Indeed, under Illinois law, the court could not do so

in the NGRI verdict.  *People v. Harrison*, 226 Ill. 2d 427, 436, 877 N.E.2d 432, 437

(2007) ("A defendant found NGRI is completely absolved of the crime and will not face

punishment.").

Rather, Lawrence's civil commitment is, for purposes of the present habeas

corpus petition, a collateral consequence of the NGRI verdict.  *See id.* (in Illinois, a

defendant found NGRI "face[s] the possibility of involuntary commitment for inpatient

mental-health treatment" as a result of a separate, post-acquittal adjudication (emphasis

omitted)); 730 Ill. Comp. Stat. Ann. 5/5-2-4(a) (state court must hold a hearing to decide

---

[2] Respondent concedes that if this Court has subject matter jurisdiction over Lawrence's petition, then the claims he asserts are not moot even though he has been released from the state's custody.

3

if a defendant found NGRI needs inpatient treatment, outpatient treatment, or no treatment at all). The state trial court placed Lawrence in civil custody pursuant to a separate hearing and through the issuance of a separate order, as discussed earlier. Because the orders Lawrence attacks via his habeas corpus petition are distinct from the order pursuant to which the state trial court placed him into custody, the Court does not have subject matter jurisdiction over his petition.

Lawrence contends that if certain evidence had not been admitted at trial, the prosecution would not have satisfied its burden of proof, and the state trial court could not have entered the NGRI verdict. Lawrence is correct that before entering a NGRI verdict, a court must find, among other things, that "the State has proven beyond a reasonable doubt that the defendant is guilty of the offense charged." 725 Ill. Comp. Stat. Ann. 5/115-3(c)(1). But the question of whether the prosecution met its burden has no bearing on whether Lawrence's custody was a direct or collateral consequence of the NGRI verdict and thus whether this Court has jurisdiction over his petition. This results from the fact that in Illinois, a NGRI verdict is considered an acquittal, and "[e]ven if some error in the underlying proceeding could be shown or if the State did not meet its burden of proof," a defendant still can be involuntarily committed for inpatient mental health treatment. *Harrison*, 226 Ill. 2d at 436, 877 N.E.2d at 437. Thus, even if there were errors in the underlying criminal proceedings that led to the NGRI verdict, the Court would lack jurisdiction because Lawrence's civil commitment was not a direct consequence of that verdict.

To be sure, the Court would have jurisdiction over Lawrence's habeas corpus petition were he attacking his civil custody itself. *See Stanbridge*, 791 F.3d at 721. But

4

his petition, even construed liberally, cannot be taken as doing this. Lawrence contends that the prosecutor committed perjury during a bond reduction hearing; certain evidence was missing at trial; and the prosecution falsified certain evidence that was introduced against him at trial. None of these contentions can be read as attacking the facts or duration of his civil commitment, nor can they be read as challenging the state trial court's civil commitment proceedings or order. Thus his petition cannot be construed as attacking his civil custody or a direct order imposing that custody. For these reasons, the Court lacks subject matter jurisdiction over the petition.

### Conclusion

The Clerk is directed to substitute Kwame Raoul, Attorney General of Illinois, as the respondent in this case and is to change the caption and title of the case accordingly. For the foregoing reasons, the Court directs the Clerk to enter judgment denying Denzil Adrian Lawrence's motion under 28 U.S.C. § 2254 [dkt. no. 1] for lack of subject matter jurisdiction. The Court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c), because reasonable jurists would not find the Court's ruling to be debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

_____
MATTHEW F. KENNELLY
United States District Judge

Date: May 19, 2020

5